**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 06-21308-CIV-LENARD/TORRES

AB DIVERSIFIED ENTERPRISES, INC.,

    Plaintiff,

vs.

GLOBAL TRANSPORT LOGISTICS, INC.,

    Defendant.

_____/

**ORDER DENYING MOTION TO COMPEL**

This matter is before the Court on Defendant's Motion to Compel Better Responses to Request for Production [D.E. 49] filed May 3, 2007. Upon review of the Motion, and based upon the passage of the discovery cutoff, this matter is ripe for disposition without necessity of a response. For the reasons that follow, and except as otherwise provided, it is **ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED**.

    1.    The Court's discovery cutoff in this case was fixed by the Court's Scheduling Order as March 1, 2007 [D.E. 29]. Sometime before or possibly by that cutoff date (the motion does not specify), Defendant served requests for production of documents on Plaintiff. Plaintiff served its responses to those discovery requests on April 3, 2007, well after the discovery cutoff. The next day, based upon an agreement of the parties as approved by the Court's Order of March 15, 2007, Defendant took the deposition of Plaintiff's corporate representative.[1]

---

[1] That Order was in response to Plaintiff's motion to reschedule the mediation deadline and modify the discovery deadline with respect to the parties's corporate representative depositions, which became necessary after Defendant's corporate representative failed to appear at a mediation that had been scheduled for March 12,

  2. One month later, Defendant filed the pending motion arguing that several responsive documents were not produced that should have been produced by Plaintiff in discovery.

  3. Under the Court's Rules, all discovery must be served well in advance of the discovery cutoff in order to allow all responding parties to do so by that date. S.D. Fla. Local R. Gen. App. A (Discovery Practices Handbook) § I - E - (1) ("each Judge follows the rule that the completion date means that all discovery must be completed by that date [the discovery deadline]"). Accordingly, to be timely, any requests for production had to have been served well in advance of the March 1st discovery cutoff to allow discovery to be completed by that date. The record shows that the production requests at issue here were not timely served. Or, if they were, the record shows no request by either party that the discovery cutoff be amended to reflect the need for additional time for Plaintiff to serve its discovery responses.

  4. The parties here obviously agreed to take discovery beyond the Court's discovery cutoff date. And in one case, with respect to the each party's corporate representative depositions, that agreement was approved by Court Order based upon Plaintiff's motion. The Court did not modify, however, the cutoff date with respect to any paper discovery in the case.

  5. In the event the parties agree among themselves to extend the discovery deadline, and without Court approval as is the case here, they must do so with the clear understanding that the Court will not mediate any resulting dispute. Specifically:

---

2007. [D.E. 41]. Other than this Order, the Court has not amended any other pretrial dates set in the Court's Scheduling Order.

> Counsel may, by agreement, conduct discovery after the formal completion date *but should not rely upon the Court to resolve discovery disputes arising after the discovery completion date.* Likewise, counsel should not rely upon the Court to permit use of untimely discovery materials at trial.

*Id.* § I.E.2 (Completion of Discovery).

6. In this case, the discovery cutoff has long since passed. Summary judgment motions are already fully briefed and pending, and the parties should be proceeding to trial preparation. The parties' agreement, written or not, to serve or respond to paper discovery after the discovery cutoff will not be enforced by the Court so long after the Court's cutoff date has passed. And, a motion to compel filed more than two months after the discovery cutoff is clearly untimely. Therefore, Defendant's pending motion to compel is procedurally defective and must be denied on that basis. *See, e.g., Agostino Ferrari, S.p.A. v. Antonacci,* 858 F. Supp. 478, 481 (E.D. Pa. 1994) ("While reopening discovery may arguably lessen the prejudice, the concomitant lengthening of the litigation would be injurious to the public interest in the 'just, speedy, and inexpensive determination' of this action. Fed.R.Civ.P. 1. Essential to such a resolution is the adherence to firm, early deadlines for discovery and trial. . . . To once again mobilize the discovery mechanism in this case, without good cause being shown, would render these deadlines, both in this case and in future cases, pointless."); *Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

7. Notwithstanding the entry of this Order, and so that Defendant will not be unduly prejudiced by the failure to timely serve discovery and/or motions to compel in this case, the Court will hereby Order Plaintiff to ensure that any documents it intends to introduce at trial in its case in chief shall be produced to Defendant, to the extent not

already produced, by June 12, 2007.  In all other respects, the pending Motion to Compel must be denied.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of May, 2007.

                                                   EDWIN G. TORRES
                                            United States Magistrate Judge